UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES C. MCKEE,

Petitioner,

v.

ERIC RARDIN,

Respondent.

Case No. 24-cv-11154

Honorable Denise Page Hood

**OPINION AND ORDER DISMISSING HABEAS PETITION**

## I. Introduction

Petitioner James C. McKee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking habeas relief on the basis that his placement in prerelease custody has been significantly delayed because the Federal Bureau of Prisons failed to properly calculate and apply his time credits under the First Step Act. (*Pet.*, ECF No. 1.) Respondent filed an answer to the petition contending that it should be denied for lack of merit. (ECF No. 12.) Petitioner filed a reply to that answer. (ECF No. 13.)

At the time he instituted this action, Petitioner was confined at the Milan Federal Correctional Institutional in Milan, Michigan. He has since been released from custody. *See* BOP Inmate Locator,

https:www/bop.gov/inmateloc/ (providing that Petitioner is not in BOP custody as of March 14, 2025, accessed on June 26, 2025). Petitioner has not provided the Court with updated contact information. For the reasons stated herein, the Court concludes that the habeas petition must be dismissed.

## II. Discussion

### A. Mootness

First, the habeas petition must be dismissed because it has become moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs after the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the

relief requested. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Thomas Sysco Food Svs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (habeas claim is moot when the court no longer has power to grant the requested relief).

A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As discussed, Petitioner is no longer in BOP custody. Because Petitioner has been released from prison, the present case has become moot. There is no further relief for the Court to grant. The habeas petition must therefore be dismissed.

B. Failure to Prosecute

Second, even if the case is not moot, it is subject to dismissal based upon the failure to prosecute. Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of an address change. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089; 2007 WL 2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . .", Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may dismiss a civil action for failure to prosecute pursuant to those rules.

*See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has a duty to provide the Court with his current address or risk dismissal of his case. *Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. April 20, 1987). Petitioner has not provided the Court with updated contact information since he was released from custody. He has thus failed to comply with the foregoing rules and his case is subject to dismissal. *See, e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case based on failure to provide current contact information and failure to exhaust state remedies). The habeas petition must also be dismissed for failure to prosecute.

## III. Conclusion

For the reasons stated, the Court concludes that this case must be dismissed as moot and for failure to prosecute. Accordingly, the Court DISMISSES WITH PREJUDICE the habeas petition. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

This case is closed.

**IT IS SO ORDERED.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: July 23, 2025